AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
| --- | --- |
| v. | ) Case: 1:23-mj-00261 |
| Lee Stutts | ) Assigned To : Upadhyaya, Moxila A. |
|  | ) Assign. Date : 9/26/2023 |
|  | ) Description: Complaint W/ Arrest Warrant |
| *Defendant* | ) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     Lee Stutts                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☒ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 111(a)(1) & (b) - Assaulting, Resisting, or Impeding Certain Officers with Deadly or Dangerous Weapon;
18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder;
18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds;
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
18 U.S.C. § 1752(a)(4) - Engaging in Physical Violence in a Restricted Building or Grounds;
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building;
40 U.S.C. § 5104(e)(2)(F) - Act of Physical Violence in the Capitol Grounds or Buildings.

Date: 09/26/2023

*Issuing officer's signature*

City and state:     Washington, D.C.          Moxila A. Upadhyaya, U.S. Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* 9/26/23, and the person was arrested on *(date)* 11/16/23
at *(city and state)* Terrell, NC

Date: 11/16/23

*Arresting officer's signature*

SA Meredith Harrington
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) Case: 1:23-mj-00261 |
| Lee Stutts | ) Assigned To : Upadhyaya, Moxila A. |
| DOB: ▮ | ) Assign. Date : 9/26/2023 |
| | ) Description: Complaint W/ Arrest Warrant |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 6, 2021__ in the county of _____ in the _____ in the District of __Columbia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) & (b) | - Assaulting, Resisting, or Impeding Certain Officers with Deadly or Dangerous Weapon, |
| 18 U.S.C. § 231(a)(3) | - Obstruction of Law Enforcement During Civil Disorder, |
| 18 U.S.C. § 1752(a)(1) | - Entering and Remaining in a Restricted Building or Grounds, |
| 18 U.S.C. § 1752(a)(2) | - Disorderly and Disruptive Conduct in a Restricted Building or Grounds, |
| 18 U.S.C. § 1752(a)(4) | - Engaging in Physical Violence in a Restricted Building or Grounds, |
| 40 U.S.C. § 5104(e)(2)(D) | - Disorderly Conduct in a Capitol Building, |
| 40 U.S.C. § 5104(e)(2)(F) | - Act of Physical Violence in the Capitol Grounds or Buildings. |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

*Complainant's signature*

Meredith Harrington, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 09/26/2023

*Judge's signature*

City and state: Washington, D.C.

Moxila A. Upadhyaya, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Lee Stutts<br>*Defendant* | Case No: 3:23-mj-00400-DCK<br>Charging District's Case No: 1:23-mj-00261 |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the    District of Columbia

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise – unless I am indicted – to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: __November 17, 2023__

_____
*Defendant's Signature*

_____
*Signature of defendant's attorney (if any)*

John Parke Davis
*Printed name of defendant's attorney (if any)*

# UNITED STATES DISTRICT COURT
## Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| **v.** | ) ) ) |
| Lee Stutts | ) Case Number: 3:23–mj–00400–DCK |
| *Defendant* | ) ) ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant shall not commit any federal, state or local crime.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives) or phone number. If advance notification is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

### RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

It is further ordered that the defendant be released on condition that:

☑ (4) The defendant promises to appear in court as required and, if convicted, surrender to serve any sentence imposed.

☑ (5) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of <u>Twenty five thousand (unsecured)</u> ($<u>25,000</u>) in the event of a failure to appear as required or surrender to serve any sentence imposed.

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court finds the following are the least restrictive condition(s) necessary to reasonably assure the appearance of the person as required as the safety of any other person and the community.

It is further ordered that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of _____, who resides at _____, phone number _____, who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the Court immediately if the defendant violates any condition of release.

　　☐ The defendant is placed in the custody of this custodian for all purposes.

　　☐ The defendant is placed in the custody of this custodian for transportation purposes only.

By signing below, the third–party custodian acknowledges that failure to comply may subject him/her to adverse consequences.

_____   _____
Signature of Third–Party Custodian　　　　　　　　　　　　　　Date

☑ (7) The defendant shall:

　☑ (a) report to the probation office in a manner and frequency as directed by the Court or probation officer.

　☑ (b) work full time (at least 30 hours per week) at lawful employment, actively seek such gainful employment or be enrolled in a full time educational or vocational program unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment or education.

　☑ (c) surrender any passport to the Office of Probation and Pretrial Services.

　☑ (d) obtain no passport or other international travel document.

　☑ (e) abide by the following restrictions on personal association, residence, or travel:

　　The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or the probation officer. Further, the defendant shall not communicate or interact with any person he/she knows is engaged in criminal activity.

　　☐ The defendant shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer.

　　☑ In addition to the Western District of North Carolina, the defendant may travel or reside in the following districts: District of Columbia                                                      .

　☑ (f) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to: co–defendants, _____.

　☐ (g) seek and obtain reasonable medical treatment as follows: _____, including taking all medications as prescribed by a licensed health care practitioner.

## ADDITIONAL CONDITIONS OF RELEASE

- ☐ (h) participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.

- ☐ (i) maintain residence at a halfway house or community corrections center, as the probation officer considers necessary.

- ☑ (j) not possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

- ☑ (k) refrain from `excessive` use of alcohol.

- ☑ (l) not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.

- ☑ (m) participate in a program of testing for prohibited substance abuse (if deemed advisable by the probation officer). The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing.

    ☐ One positive drug screen requires that the defendant be returned to court.

- ☑ (n) participate in a substance abuse treatment program (if deemed advisable by the probation officer) and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity).

- ☐ (o) attend and complete the substance abuse or treatment program located at _____. The defendant is to be released no later than _____ `AM` on _____. Upon his/her release from custody, the defendant shall be transported by the most direct means and way possible to this program. Upon successful completion of the program, the defendant shall:

    - ☐ remain out of custody and report to the United States Probation Office as soon as possible so that further proceedings can be scheduled to determine if the defendant will be allowed to continue to be released pending further proceedings.

    - ☐ be immediately returned to custody at a location as directed by the United States Marshals Service. The defendant is to be transported to such location by the most direct means and way possible.

    ☐ If the defendant fails to complete the program successfully, the defendant shall immediately be returned to custody.

    ☐ The defendant shall sign all waivers necessary to allow the probation officer to monitor the defendant's participation in the program.

## ADDITIONAL CONDITIONS OF RELEASE

☐ (p) participate in the following location monitoring program component(s) and abide by its requirements as the probation officer instructs. For each component, the defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding", "Caller ID services", "call waiting", dial–up computer modems, 1–800 long distance call block, fax machine, voice over protocol (VOIP), burglar alarm or three–way calling service. The location monitoring technology that will be used (i.e., Radio Frequency (RF), GPS, Voice Recognition, Mobile Biometric Application) is to be selected by the probation officer.

☐ The defendant shall submit to **curfew**, with location monitoring technology, and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence between _____ and _____, or as directed by the probation officer.

☐ The defendant shall submit to **home detention**, with location monitoring technology, and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court–ordered obligations; or other activities pre–approved by the probation officer.

☐ The defendant shall submit to **home incarceration**, with location monitoring technology, and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence 24 hours a day except for medical necessities and court appearances, or other activities specifically approved by the Court.

☐ The defendant shall submit to **standalone monitoring**. The defendant will have no residential curfew, home detention or home incarceration restrictions. However, the defendant must comply with the location or travel restrictions as imposed by the Court. Standalone monitoring should be used in conjunction with global positioning system (GPS) technology.

☐ The probation office is allowed up to three (3) business days to install the location monitoring technology.

☐ (q) pay the cost of location monitoring not to exceed the daily contractual rate. Payment for the location monitoring shall be made in accordance with the probation officer's direction.

☑ (r) notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

☐ (s) support all dependents including any dependent child, or any person the defendant has been court ordered to support.

☐ (t) submit to a search if the probation officer has a reasonable suspicion that the defendant has committed a crime or a violation of a condition of supervision. Such a search may be conducted by a U.S. Probation Officer, and such other law enforcement personnel as the probation officer may deem advisable, without a warrant or the consent of the defendant. Such search may be of any place where evidence of the above may reasonably be expected to be found, including the defendant's person, property, house, residence, vehicle, communications or data storage devices or media, or office. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

☐ (u) comply with the standard sex offender conditions and any optional conditions as ordered (see attachment).

☐ (v) FOR SRV CASES: In addition to the conditions imposed herein, the defendant shall comply with any conditions of supervision previously imposed by the District Court. To the extent there is a conflict between the conditions, the District Court's conditions of supervised release shall control.

☑ (w) Additional conditions of release: `Defendant appear for all proceedings as required in the District of Columbia.`

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgment of the Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Charlotte, North Carolina
_____
City and State

**Directions to the United States Marshal**

☑ The defendant is ORDERED released after processing.
☐ The defendant is ORDERED released after location monitoring is in place.
☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions of release.

Date: November 17, 2023

_____
David C. Keesler
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
Western District of North Carolina

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) Case No: 3:23–mj–00400–DCK |
| Lee Stutts | ) Charging District: |
| *Defendant* | ) Charging District's Case No: |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: US Courthouse<br>333 Constitution Avenue, N.W.<br>Washington, DC 20001 | Courtroom No.: |
|---|---|
| | Date and Time November 28, 2023 at 12:30 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: __November 17, 2023__

David C. Keesler
United States Magistrate Judge

CLOSED

# U.S. District Court
## Western District of North Carolina (Charlotte)
## CRIMINAL DOCKET FOR CASE #: 3:23-mj-00400-DCK-1

Case title: USA v. Stutts

Date Filed: 11/16/2023

Date Terminated: 11/17/2023

Assigned to: US Magistrate Judge David Keesler

**Defendant (1)**

**Lee Stutts**  represented by  **John Parke Davis**
*TERMINATED: 11/17/2023*  Federal Defenders of Western North Carolina
 129 West Trade Street
 Suite 300
 Charlotte, NC 28202
 704-374-0720
 Fax: 704-374-0722
 Email: jp_davis@fd.org
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*
 *Designation: Public Defender or Community Defender Appointment*

**Pending Counts**  **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**  **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**  **Disposition**

18:111(a)(1) & (b) - ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS WITH DEADLY OR

DANGEROUS WEAPON; 18:231(a)(3) - OBSTRUCTION OF LAW ENFORCEMENT DURING CIVIL DISORDER; 18:1752(a)(1) - ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS; 18:1752(a)(2) - DISORDERLY AND DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS; 18:1752(a)(4) - ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTE BUILDING OR GROUNDS; 40:5104(e)(2)(D) - DISORDERLY CONDUCT IN A CAPITOL BUILDING; 40:5104(e)(2)(F) - ACT OF PHYSICAL VIOLENCE IN THE CAPITOL GROUNDS OR BUILDINGS

**Plaintiff**

USA     represented by     **William Thomas Bozin**
US Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-816-1625
Email: william.bozin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/16/2023 | | Arrest (Rule 5) of Lee Stutts (mga) (Entered: 11/16/2023) |
| 11/16/2023 | | Set/Reset Deadlines/Hearings as to Lee Stutts: Initial Appearance - Rule 5 set for 11/17/2023 12:45 PM in Courtroom #1A, 401 W Trade St, Charlotte, NC 28202 before US Magistrate Judge David Keesler. (mga) (Entered: 11/16/2023) |
| 11/16/2023 | | Attorney update in case as to Lee Stutts. Attorney William Thomas Bozin for USA added. (mga) (Entered: 11/20/2023) |
| 11/17/2023 | 1 | District of Columbia Complaint and Arrest Warrant as to Lee Stutts (Attachments: # 1 Arrest Warrant)(mga) (Entered: 11/17/2023) |
| 11/17/2023 | | Minute Entry: INITIAL APPEARANCE in Rule 5(c)(3) Proceedings as to Lee Stutts held before US Magistrate Judge David Keesler. Defendant advised of rights & charges. Defendant moved for appointment of counsel. Defendant filed a financial affidavit. Court approved appointment of counsel. Defendant waived his rights to hearings in this district. Defendant ordered to appear in charging district. Government attorney: William Wiseman. Defendant attorney: John Parke Davis. Court Reporter: Digital Court Reporter. (mga) (Entered: 11/17/2023) |
| 11/17/2023 | 2 | CJA 23 (Ex Parte) Financial Affidavit by Lee Stutts (mga) (Entered: 11/17/2023) |
| 11/17/2023 | | **ORALORDER APPOINTING FEDERAL DEFENDER John Parke Davis to represent Lee Stutts. Entered by US Magistrate Judge David Keesler on 11/17/23.** (mga) (Entered: |

| | | |
|---|---|---|
| | | 11/17/2023) |
| 11/17/2023 | 3 | **Appearance Bond Entered** *(Restricted)* **as to Lee Stutts in amount of $ 25,000 unsecured. Signed by US Magistrate Judge David Keesler on 11/17/23. (mga)** (Entered: 11/17/2023) |
| 11/17/2023 | 4 | **ORDER** *(Restricted)* **Setting Conditions of Release as to Lee Stutts (1) 25,000 unsecured. Signed by US Magistrate Judge David Keesler on 11/17/23. (mga)** (Entered: 11/17/2023) |
| 11/17/2023 | 5 | WAIVER of Rule 5(c)(3) Hearings by Lee Stutts (mga) (Entered: 11/17/2023) |
| 11/17/2023 | 6 | **ORDER holding defendant to answer and to appear in district of prosecution or district having Probation Jurisdiction as to Lee Stutts. Signed by US Magistrate Judge David Keesler on 11/17/23. (mga)** (Entered: 11/17/2023) |
| 11/17/2023 | | Rule 5(c)(3) Documents Emailed to District of Columbia as to Lee Stutts (mga) (Entered: 11/17/2023) |
| 11/17/2023 | | Notice to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Lee Stutts. Your case number is: 1:23-mj-00261. Using your PACER account, you may retrieve the docket sheet and documents. (Documents: 4 Order Setting Conditions of Release, 6 Order Rule 5 Bond Release, 2 Financial Affidavit - CJA23, 5 Waiver of Rule 5(c)(3) Hearings, 1 Miscellaneous Filing, 3 Bond ) (*If you wish to designate a different email address for future transfers, send a request to InterDistrictTransfer_TXND@txnd.uscourts.gov.*) (mga) (Entered: 11/17/2023) |