UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:24-cr-00019-TSC |
| LEE STUTTS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RESPONSE TO NOTICE OF PROPOSED PRETRIAL ORDER**

Defendant Lee Stutts, by and through the undersigned counsel, respectfully provides this response to the government's Notice of a Proposed Pretrial Order (Aug. 2, 2024) (ECF No. 32). The parties agree on the proposed pretrial order in all respects except with respect to the language utilized by the Court in paragraph nine (9) of the Court's Sample Order.

By way of brief background, Mr. Stutts was first charged by Complaint in this matter on September 26, 2023, (ECF No. 1), arising from his alleged participation in the events at the Capitol Building on January 6, 2021. He was arrested on November 16, 2023, (ECF No. 5), released pending trial, Order (Nov. 28, 2023) (ECF No. 9), and a grand jury returned a thirteen-count indictment against Mr. Stutts on January 10, 2024, (ECF No. 16), which was superseded to add two (2) additional counts on May 1, 2024, (ECF No. 22). Mr. Stutts was arraigned on the superseding indictment on May 7, 2024, at which time he again pleaded not guilty to all charged counts.

With respect to discovery, at Mr. Stutts's initial appearance in this District on November 28, 2023, Magistrate Judge Upadhyaya, "advised" the government of it's "Due Process Obligations" pursuant to Local Rule 5(f) of the Local Rules for the United States District Court for the District of Columbia, followed by a Minute Order the same day requiring, "[the]

produc[tion] [of] all exculpatory evidence . . . pursuant to *Brady v. Maryland*, [373 U.S. 83 (1963)] and its progeny." The government promptly provided defense counsel with Mr. Stutts's case-specific discovery after the Court granted Mr. Stutts's motion to substitute counsel. *See* Mot. (July 25, 2024) (ECF No. 29); Minute Order (July 26, 2024).

Although, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* [*v. Maryland*, 373 U.S. 83 (1963),] did not create one, *see Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (2020) ("DPPA"), statutorily affirmed the prosecutor's discovery obligations in criminal cases. Among other things, prosecutors have a duty to disclose evidence that is favorable to a defendant, which is either exculpatory or impeaching and is material to either guilt or punishment, regardless of whether the defendant requests the information. *See United States v. Agurs*, 427 U.S. 97, 110-11 (1976). Indeed, courts in this District have emphasized a "broad obligation" of the government to disclose favorable evidence even without any consideration for its materiality "as soon as reasonable possible after its existence is known." *See e.g.*, *United States v. Sutton*, No. 21-0598-01 (PLF), 2022 U.S. Dist. LEXIS 117269, at *25 (D.D.C. July 1, 2022) (finding that the government failed to meet its discovery disclosure obligations even where it doubted the veracity of the witness's statements by withholding disclosure of the statements' existence to the defense until *after* it explored the statements' credibility rather than advising the defense of the existence of the statements *at the time* they became known *and then* proceeding with investigation of that statement thereafter); *see also Cone v. Bell*, 556 U.S. 449, 470 n.15 (2009) ("[T]he prudent prosecutor will err on the side of transparency, resolving doubtful questions in favor of disclosure."), cited in *Sutton*, 2022 U.S. Dist. LEXIS 117269, at *25.

Specifically, as amended by the DPPA, Rule 5(f) of the Federal Rules of Criminal Procedure, the District Court must, at the first scheduled court date where both the prosecution and defense counsel are present, "issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law." In addition, the DPPA further directed each District to promulgate a local rule intended to memorialize prosecutorial discovery obligations under Rule 5(f), which inevitably foments the importance of prosecutorial disclosure obligations in criminal proceedings. *See* Sec. 2(f)(2) of the DPPA. To that end, this District's local rules require expeditious disclosure of the government's discovery, providing that

> [b]eginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose such information to the defense as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case.

LCrR 5.1(a).

The types of information subject to disclosure per LCrR 5.1 includes, *but is not limited to* information "inconsistent with or tends to negate the defendant's guilt as to any element, including identification"; information that "tends to mitigate the charged offense(s) or reduce the potential penalty"; information that "tends to establish articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s)"; information that" "casts doubt on the credibility or accuracy of evidence, including witness testimony the government anticipates using in its case-in-chief at trial"; and various forms of impeachment information. *See* LCrR 5.1(b). To the extent that the government fails to comply with its discovery obligations under this Court's local rules, the Due Process Protections Act, and the Federal Rules of Criminal Procedure, this Court's local

3

rules provides that not only may the Court order the production of information, that it may also "specify the terms and conditions of such production; grant a continuance; impose evidentiary sanctions; or enter any other order that is just under the circumstances." LCrR 5.1(g). Finally, Local Rule 5.1(f) provides that: "The Court may set specific timelines for disclosure of any information encompassed by this rule."

In its proposed scheduling order, *see* Notice (Aug. 8, 2024) (ECF No. 32), the government in paragraph nine (9), which is titled, "*Brady and Giglio*," acknowledges its, "continuing and ongoing" obligation to provide defense counsel with any materials discoverable pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and proposes setting a deadline for the government's production of impeachment materials discoverable pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). This proposal, however, is insufficient for several reasons.

*First*, the scope of discovery to be produced should be consistent with that delineated by Local Rule 5.1(b), and not limited only to what is required by *Brady*.

*Second*, Mr. Stutts submits the Court should set a deadline by which discovery is concluded. Specifically, Local Rule 5.1(a) requires that, "the government shall make good-faith efforts to disclose such information to the defense as soon as reasonably possible after *its existence is known*." And Local Rule 5.1(f) provides that, "[t]he Court may set specific timelines for disclosure of any information encompassed by this rule." Here, the facts and circumstances of this case warrant the Court requiring the government to complete its disclosure of discovery in this case well advance of the January 13, 2025, trial date that has now been set. The acts for which Mr. Stutts has been charged all occurred more than forty-one months (or 1,311 days) ago. And although the government has no affirmative duty to discover information which it does not possess, *see United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (quoting *United States v. Beaver*,

4

524 F.2d 963, 966 (5th Cir. 1975), *cert. denied*, 425 U.S. 905 (1976)), "a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case." *Carey v. Duckworth*, 783 F.2d 875, 878 (7th Cir. 1984).  Moreover, a prosecutor must disclose information of which it has knowledge and access, *see United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989), and a prosecutor's duty to search extends beyond merely a specific case's file.  *See United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) ("The cases *finding a duty to search* involved files maintained by branches of government 'closely aligned with the prosecution.'" (emphasis added) (quoting *United States ex rel. Fairman*, 769 F.2d 386, 391 (7th Cir. 1985)).  The government should not have sought an indictment as against Mr. Stutts if it wasn't prepared to proceed to trial against him, and the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, would have required the government to be prepared to proceed to trial no later than March 20, 2024.  Mr. Stutts therefore respectfully submits that the Court order that any discovery the government intends to use at Mr. Stutts's trial be disclosed no later than seventy (70) days following the entry of the Court's scheduling Order.  Seventy (70) days is reasonable insofar as the Speedy Trial Act required the government to be prepared to proceed to trial as against Mr. Stutts within seventy (70) days of its indictment of him.  *See* 18 U.S.C. § 3161(c)(1).  And, practically, the government should have been prepared to proceed to trial as against Mr. Sutts *when* it sought the return of an indictment against him.

*Third*, as progeny of *Brady*, *Giglio* materials are also to be produced as soon as practicable and in a continuing and ongoing basis.  *See United States v. Bagley*, 473 U.S. 667, 676 (1985) ("Impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule." (citing *Giglio*, 405 U.S. at 154)).  Accordingly, although a deadline for the production of any *Giglio* materials is appropriate, as proposed the government's scheduling order suggests such discovery

5

need not be produced until such a deadline, when, constitutionally, such discovery must be produced as soon as practicable and in a continuing and ongoing basis.

Dated: August 9, 2024                           Respectfully submitted,

                                               *s/ Stanley E. Woodward, Jr.*
                                               Stanley E. Woodward, Jr. (DC Bar No. 997320)
                                               Brand Woodward Law, LP
                                               400 Fifth Street NW, Suite 350
                                               Washington, DC 20001
                                               202.996.7447 (telephone)
                                               202.996.0113 (facsimile)
                                               stanley@brandwoodwardlaw.com

                                               *Counsel for Defendant Lee Stutts*

## **CERTIFICATE OF SERVICE**

On August 9, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which automatically sends electronic notification of such filing to all registered parties.

 _s/ Stanley E. Woodward, Jr._
Stanley E. Woodward, Jr.