UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEE STUTTS,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Criminal No. 1:24-cr-00019-TSC<br>)<br>)<br>)<br>) |

### DEFENDANT LEE STUTTS' MEMORANDUM IN OPPOSITION
### TO THE GOVERNMENT'S OMNIBUS MOTION IN LIMINE

Defendant Lee Stutts, by and through the undersigned counsel, hereby files his response in opposition to the government's Omnibus Motion *in Limine*. *See* Mot. (Nov. 22, 2024) (ECF No. 49).

### I. BACKGROUND

A grand jury indicted Mr. Stutts on January 10, 2024. Ind. (Jan. 1, 2024) (ECF No. 16). That indictment was superseded on May 1, 2024 and again on November 6, 2024. *See* Superseding Ind. (May 1, 2024) (ECF No. 22); Second Superseding Ind. (Nov. 6, 2024) (ECF No. 44). In the Second Superseding Indictment, the government dropped its 18 U.S.C. §§ 1512(c)(2), 2, charge with which it initially charged Mr. Stutts in its initial Indictment in January 2024 and its Superseding Indictment in May 2024. *See* Ind. (Jan. 1, 2024) (ECF No. 16); Superseding Ind. (May 1, 2024) (ECF No. 22).

The Second Superseding Indictment alleges violations of the following: under 18 U.S.C. § 231(a)(3), with obstruction, impediment, and interference with law enforcement during a civil disorder (Count One); under 18 U.S.C. § 111(a)(1), assaulting, resisting, or impeding certain officers (Counts Two through Eight); assaults with a deadly and dangerous weapon, 18 U.S.C. §§ 111(a)(1) and (b) (Counts Nine and Ten); under 18 U.S.C. § 1752(a)(1) and (b)(1)(A), entering and

1

remaining in a restricted building or grounds with a deadly or dangerous weapon (Count Eleven); under 18 U.S.C. § 1752(a)(2) and (b)(1)(A), disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon (Count Twelve); under 18 U.S.C. § 1752(a)(4) and (b)(1)(A), engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon (Count Thirteen); 40 U.S.C. § 5104(e)(2)(D), disorderly conduct in a Capitol building (Count Fourteen); and finally, under 40 U.S.C. § 5104(e)(2)(F), act of physical violence in the Capitol grounds or buildings (Count Fifteen).

As discussed herein, Mr. Stutts opposes the government's request to the Court to preclude the following at trial:

1) Testimony about specific United States Secret Service tactics and operations;
2) Evidence about the exact positions of United State Capitol Police cameras;
3) Argument or evidence about "entrapment-by-estoppel" or "public authority" defenses;
4) Argument or evidence that alleged inaction by law enforcement on January 6, 2021 made the defendant's conduct legal;
5) Argument or evidence that the defendant was acting in self-defense or in defense of others;
6) Argument or evidence that the defendant's conduct was permitted by the First Amendment.

*Id.* at 1. Mr. Stutts opposes the preclusions of arguments or evidence regarding entrapment-by-estoppel or public authority offenses, in addition to arguments or evidence of alleged inaction by law enforcement.

## II. LEGAL STANDARD

"[M]otions in *limine* are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'" *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)). Accordingly, a court has "broad discretion in rendering evidentiary rulings, . . . which

extends . . . to the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial." *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 79 (D.D.C. 2013). At the same time, the Constitution guarantees that criminal defendants have a "meaningful opportunity to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). Thus, while a court has broad discretion in rendering evidentiary rulings, such power of a court is limited and it may not impose "arbitrary" rules of evidence, including those that exclude "important defense evidence" without serving "any legitimate interests," or are otherwise "disproportionate to the purposes they are designed to serve." *Id.* at 324-25. Of course, it remains within the purview of a court to exclude irrelevant evidence or evidence whose probative value is outweighed by prejudice. *Id.* at 326; *see also id.* at 330 (evidentiary rules seek to "focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues."); Fed. R. Evid. 401, 403.

### III.   ARGUMENT

    A. <u>The Court Should Deny the Government's Motion *in Limine* to Preclude Entrapment-by-Estoppel and its Motion *in Limine* to Preclude Arguments Regarding Alleged Inaction by Law Enforcement</u>

In its motion, the government seeks to prohibit Mr. Stutts from making arguments or attempting to introduce evidence that President Trump and/or law enforcement attendees of the January 6 events permission to enter the U.S. Capitol in support of an "entrapment-by-estoppel" or "public authority defense." Mot. at 7. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that

the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In support of this these motions *in limine*, the government argues that neither President Trump's statements, nor any action or inaction by law enforcement on that day gave lawful permission to January 6 participants to enter restricted grounds at the Capitol that day, and that this evidence is non-relevant. In doing so the government relies on the ruling in *United States v. Chrestman*, which rejected an entrapment-by-estoppel argument in another January 6 prosecution on the grounds that that, "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporter[,]" and declined to recognize that President Trump gave the day's participants permission to enter the restrict grounds at the Capitol. *United States v. Chrestman*, 525 F. Supp. 3d at 32; Mot. at 8. The government argues the same reasoning applies law enforcement officers arguing that, "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Mot. at 8-9 (citing Mem. and Order, *United States v. Williams*, No. 1:21-cr-377-BAH, ECF No. 87, *2 (D.D.C. June 8, 2022)). Additionally, the government avers that even in if law enforcement told Mr. Stutts that he could lawfully enter restricted grounds, reliance on any such statements would be unreasonable in light of other indications that the grounds were restricted due to the police lines, police barricades, and police orders. Mot. at 9. Lastly, the government contends that Mr. Stutts' actions would vitiate any argument that he relied on statements by law enforcement that he could lawfully enter restricted grounds because he allegedly "continued to push forward

4

and confront the line of officers after explicitly being told to 'stay back.'" *Id.* In sum, the government contends because that Mr. Stutts could not have relied on statements and/or actions from neither President Trump nor law enforcement officers, that Mr. Stutts "forecloses" the availability of the defense. Mot. at 8.

"[T]he state of the public authority defense (and its close cousin, entrapment-by-estoppel) in the D.C. Circuit remains somewhat unsettled.'" *United States v. Baez*, 695 F. Supp. 3d 94, 104-05 (D.D.C. 2023) (quoting *United States v. Sheppard*, No. 21-203 (JDB), 2022 U.S. Dist. LEXIS 232610, at *23 (D.D.C. Dec. 28, 2022)). While Mr. Stutts cannot say with certainty whether he intends to put up any such entrapment-by-estoppel and/or public authority defenses at this point of his prosecution, the Court should not outrightly preclude him from presenting evidence of any regarding statements by President Trump and/or actions or inactions by law enforcement. The extent to which Mr. Stutts observed such actions or inactions by law enforcement, in addition to the extent to which he was aware of or could have reasonably perceived such actions or inactions relates to his state of mind; accordingly, such evidence is relevant evidence, and the Court should not preclude relevant evidence. *See* Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."). In *United States v. Bennett*, the court declined to categorically preclude all evidence relating to "potential law-enforcement inaction on January 6 before trial" because it, "'would be premature and should await the presentation of evidence at trial.'" *United States v. Bennett*, No. 21-312 (JEB), 2023 U.S. Dist. LEXIS 169834, at *4 (D.D.C. Sep. 25, 2023) (quoting *United States v. Mock*, 2023 U.S. Dist. LEXIS 98452, 2023 WL 3844604, at *3 (D.D.C. June 6, 2023) (quoting *United States v. Carpenter*, 2023 U.S. Dist. LEXIS 21774, 2023 WL 1860978, at *3 (D.D.C. Feb. 9, 2023))). Accordingly, the Court should not prematurely

preclude the introduction of evidence relating to any actions and/or inactions by law enforcement to the extent that Mr. Stutts personally perceived such events because such evidence is relevant and thus, admissible.

Mr. Stutts appreciates that the D.C. Circuit has made clear that entrapment-by-estoppel and public authority defenses are available only where, "the official's statements or conduct state or clearly imply that the defendant's actions are lawful.'" *Baez*, 695 F. Supp. 3d at 105. In *United States v. Baez*, the court reasoned that, "President Trump's statements did not in any way address the legality of the actions he urged his supporters to take.' His words 'only encourage[d] those at the rally to march to the Capitol — nothing more — and do not address legality at all." *Id.* (citing *Sheppard*, No. 21-203 (JDB), 2022 U.S. Dist. LEXIS 232610, at *28)). Nevertheless, and following the same logic in *Bennett*, the Court should not automatically preclude the introduction of statements by President Trump that Mr. Stutts perceived or observed on that day because they would be relevant to his state of mind.

## CONCLUSION

For the reasons herein, the Court should deny the government's Motions *in Limine* as discussed above.

Dated: December 6, 2024

Respectfully submitted,

 *s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Lee Stutts*

6

**CERTIFICATE OF SERVICE**

On December 6, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which automatically sends electronic notification of such filing to all registered parties.

*s/ Stanley E. Woodward, Jr.*
