UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEE STUTTS,<br><br>**Defendant.** | )<br>)<br>)<br>)<br>) **Criminal No. 1:24-cr-00019-TSC**<br>)<br>)<br>)<br>) |

## MOTION TO MODIFY CONDITIONS OF RELEASE FROM CUSTODY

Defendant Lee Stutts, by and through the undersigned counsel, respectfully submits this Motion to Modify Conditions of Release from Custody. The Bail Reform Act was designed not to be punitive, but rather to serve the ends of justice and the public's interest. Mr. Stutts has remained in pretrial custody since November 14, 2024 – 47 days as of the date of this filing. As discussed herein, Mr. Stutts' pretrial detention has not served the ends of justice, nor has it been in the public's interest.

**I.    BACKGROUND**

On November 6, 2024, a grand jury issued a second superseding indictment as to Mr. Stutts in connection with his alleged involvement at the U.S. Capitol on January 6, 2021. Second Superseding Ind. (Nov. 6, 2024) (ECF No. 44). The Second Superseding Indictment charges Mr. Stutts with the following: civil disorder in violation of 18 U.S.C. § 231(a)(3) (Count One); assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1) (Counts Two through Eight); assaulting, resisting, impeding certain officers using a dangerous weapon in violation of 18 U.S.C. § 111(a) and (b) (Counts Nine and Ten); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count Eleven); disorderly and disruptive conduct in a restricted building

1

or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Twelve); engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count Thirteen); disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Fourteen); and act of physical violence in the Capitol grounds or buildings in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Fifteen). *Id.*

On November 13, 2024, the Court held a hearing on the government's motion to revoke Mr. Stutts' pretrial release for his alleged violations of the terms of his pretrial release, in which the government sought to revoke Mr. Stutts' pretrial release and his detention pending case proceedings in this matter. Gov't Mot. (Nov. 6, 2024) (ECF No. 43). At this hearing, the Court ultimately ordered Mr. Stutts' detention and Mr. Stutts promptly self-surrendered for his detention promptly that following day.[1] On December 2, 2024, the Court held a virtual hearing in which Mr. Stutts, through counsel, orally requested his release. On December 9, 2024, the Court held arraignment and revocation proceedings, where Mr. Stutts pleaded not guilty to the Second Superseding Indictment and the Court ordered continued detention of Mr. Stutts but further ordered that Mr. Stutts propose alternative conditions to detention and confer with Pretrial Services Agency ("PSA") as to those proposed conditions. Accordingly, counsel for Mr. Stutts conferred with PSA about the proposed alternative to Mr. Stutts' current pretrial detention and now files the instant motion to request an order on the same.

---

[1] As the Court is aware, Mr. Stutts, in fact, attempted to self-surrender on the same day as was ordered by the Court on November 13, 2024. But because an arrest warrant had not been issued until the following day on November 14, 2024, Mr. Stutts' was not able to officially self-surrender until the day after his detention was ordered. *See* Arrest Warrant (Nov. 14, 2024) (ECF No. 47)

## II. <u>LEGAL STANDARD</u>

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.* ("BRA" or the "Act") "limit[s] pretrial detention of persons who are presumed innocent to a subset of defendants charged with crimes that are 'the most serious' compared to other federal offenses.'" *United States v. Singleton*, 182 F.3d 7, 13 (D.C. Cir. 1999) (quoting *United States v. Salerno*, 481 U.S. 739, 747 (1987). In other words, there is a policy interest against detention of defendants pending trial. Nevertheless, the Act contemplates provisions for the revocation of a defendant's release where there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release; *or* clear and convincing evidence that the person has violated any other condition of release" *and*, "that based on the factors set forth in section 3142(g). . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b) (emphasis added). The 18 U.S.C. § 3142(g) factors contemplated by the court are as follows: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *United States v. Vasquez-Benitez,* 919 F.3d 546, 550 (D.C. Cir. 2019).

## III. <u>ANALYSIS</u>

Here, the issue is whether the proposed pretrial release conditions as an alternative to Mr. Stutts' current detention would meet the objective of the Bail Reform Act. In determining whether Mr. Stutts should remain in pretrial detention, the Court must examine whether there is (1) "clear and convincing evidence" that he violated the conditions of his reason *and* (2) either satisfies the

four factors contemplated by 18 U.S.C. § 3142(g). In addition, the BRA provides that the Court shall consider whether there are alternatives to his pretrial detention, including whether there are "condition[s] or [a] combination of conditions of release that will assure that [Mr. Stutts] will not flee or pose a danger to the safety of any other person or the community; or [that Mr. Stutts] is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

A.     18 U.S.C. § 3142(g) Factors

Under the first factor under 18 U.S.C. § 3142(g), the Court must consider the nature and circumstances of the offenses charged. 18 U.S.C.§ 3142(g)(1). In pertinent part, whether the crime is, "a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." *Id.* Recognizing the unique set of circumstances that the events at the Capitol on January 6 present, this Circuit has attempted to differentiate similar, yet distinct conduct and circumstances of these defendants; such considerations complete the following:

> [W]hether a defendant has been charged with felony or misdemeanor offenses; (2) engaged in prior planning before arriving at the Capitol; (3) carried or used a dangerous weapon during the riot; (4) coordinat[ed] with other participants before, during, or after the riot; or (5) assumed either a formal or a de facto leadership role in the assault by encouraging other rioters' misconduct; and (6) the nature of the defendant's words and movements during the riot, including whether he damaged federal property, threatened or confronted federal officials or law enforcement, or otherwise promoted or celebrated efforts to disrupt the certification of the electoral vote count during the riot.

*United States v. Klein*, 533 F. Supp. 3d 1, 12 (D.D.C. 2021) (citing *United States v. Chrestman*, 525 F. Supp. 3d 14 (D.D.C. 2021)).

In the instant matter, Mr. Stutts is charged with various offenses for his alleged conduct on January 6, 2021, including, his alleged participation in civil disorder; assaulting, resisting, or

4

impeding certain officers; assaulting, resisting, impeding certain officers using a deadly or dangerous weapon; entering and remaining in a restricted building with a deadly or dangerous weapon; disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon; engaging in physical violence in a restricted building or grounds with deadly or dangerous weapon; disorderly conduct in a Capitol Building; and physical violence in the Capitol Grounds or Buildings. *See* Superseding Ind. (May 1, 2024) (ECF No. 22). While serious, none of these offenses "give[s] a rebuttable presumption of dangerousness under the BRA." *Compare Klein*, 533 F. Supp. 3d 1 (Defendant Federico Klein was indicted on nearly identical charges[2] to Mr. Stutts' but the court determined that, while Mr. Klein's charges were "serious", they, alone, did not warrant any such pretrial detention of him). Accordingly, the Court cannot make a finding that revocation of Mr. Stutts' pretrial release rest solely on this factor.

Next, the Court must consider the "weight of evidence" against Mr. Stutts. 18 U.S.C. § 3142(g)(2). In determining whether conditions of release can assure the safety of others, "[t]he weight of the evidence *is the least important of the factors and the bail statute neither requires nor permits a pretrial determination of guilt*." *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir. 1991) (emphasis added) (citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986)); *see*

---

[2] Mr. Klein's offenses included the following –

> Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Obstruction of an Official Proceeding (Aiding and Abetting), in violation of 18 U.S.C. §§ 1512(c)(2) and 2; Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b); Entering or Remaining in any Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

*Klein*, 533 F. Supp. 3d at 6.

*also United States v. Motamedi*, 767 F.2d 1403,1408 (9th Cir. 1985) ("It is apparent from the record below that the district court accorded great weight to the charges against [the defendant] and the Government's assertions of his guilt."). "[I]f the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Motamedi*, 767 F.2d at 1408. "It is not the purpose of the bail system to punish an accused again for his past crimes, *or to punish him in advance for crimes he has not yet been shown to have committed." United States v. Alston*, 420 F.2d 176, 179 (D.C. Cir. 1969) (emphasis added).

The third factor under § 3142(g)(3), requires the Court to consider Mr. Stutts's history and characteristics of the person, including, *inter alia*, his "employment. . . [and] record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The Court should consider Mr. Stutts's gainful employment as a construction worker for the time he has been on pretrial release, which is substantiated to Pretrial Services with his paystubs. *See* Pretrial Reports at 3 (Jan. 31, 2024; Apr. 30, 2024; June 13, 2024; July 18, 2024; July 29, 2024; Sept. 12, 2024) (ECF Nos. 19, 21, 24, 26, 31, and 35). ("The courtesy officer received paystubs to verify the defendant's employment."). For these reasons, the Court should consider Mr. Stutts's contributions to his community through his consistent employment as a construction worker prior to his detainment.

As to the fourth factor, the Court must consider, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Notwithstanding the fact that the Court ordered Mr. Stutts' pretrial detention after finding that he violated the conditions of his pretrial release, Mr. Stutts' comportment with the requests of the Court and PSA should be recognized – of note was his prompt *self-surrender* to the detention center after the Court revoked his pretrial release. Moreover, his pretrial reports consistently state that Mr. Stutts is compliant with his pretrial reporting requirements.

6

*See, e.g.*, Pretrial Report at 3 (Jan. 31, 2024) (ECF No. 19), Pretrial Report at 3 (Apr. 30, 2024) (ECF No. 21) (Mr. Stutts "reports as directed and is compliant with his reporting conditions"; Pretrial Report at 2 (June 13, 2024) (ECF No. 24), Pretrial Report at 2 (July 18, 2024) (ECF No. 26), Pretrial Report at 2 (July 29, 2024) (ECF No. 31) ("PSA is unaware of any violations concerning the. . . condition of release as there have been no alleged violations to reported to PSA."); Pretrial Report at 2 (Sept. 24, 2024) (ECF No. 35) (Mr. Stutts "reports as directed and is compliant with his reporting conditions."). Similarly, Pretrial Services has not reported any violations regarding other conditions of his release, including, but not limited to, firearms, use of alcohol, travel conditions, and the like. *See* Pretrial Reports (Jan. 31, 2024; Apr. 30, 2024; June 13, 2024; July 18, 2024; July 29, 2024; Sept. 12, 2024) (ECF Nos. 19, 21, 24, 26, 31, and 35).

B.     18 U.S.C. § 3148(b)(2) Considerations

In addition to consideration of the factors under § 3142(g), the Court shall consider whether there are alternatives to his pretrial detention, including whether there are "condition[s] or [a] combination of conditions of release that will assure that [Mr. Stutts] will not flee or pose a danger to the safety of any other person or the community; or [that Mr. Stutts] is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

In accordance with the discussion of the December 9, 2024 hearing, defense counsel for Mr. Stutts endeavored to explore home confinement with a third-party custodian as an alternative to his current pretrial detention. Later that day, the undersigned counsel for Mr. Stutts, Stanley Woodward, contacted Hannah Stutts, Mr. Stutts' mother, with whom Mr. Stutts officially and presently resides while not in pretrial detention. On this phone call, Mr. Woodward inquired about Ms. Stutts' willingness and fitness to serve as Mr. Stutts' third-party custodian if he is released. Defense counsel explained to Ms. Stutts her duties as Mr. Stutts' third-party custodian if he is released on the condition of home confinement, including prompt notification of any potential

pretrial violation she becomes aware of. Ms. Stutts then confirmed that she was willing and able to fulfill her duties as Mr. Stutts' third-party custodian. Accordingly, Mr. Woodward connected Ms. Stutts with PSA, who screened Ms. Stutts as a potential third-party custodian to Mr. Stutts as a condition of home confinement. *See* Ex. A at, Email from Britney Dahlkoetter, Pretrial Services Agency to the Chambers of Judge Chutkan (Dec. 11, 2024). On December 11, 2024, PSA notified the Court that Ms. Stutts is "home all day and understands the rules regarding 3rd party custodian[s,]" and found her "eligible to be Mr. Stutts' custodian if he is to be released." *Id.*

To further monitor Mr. Stutts' compliance with his pretrial release conditions, Mr. Stutts proposes a urine drug test prior to his release. Mr. Stutts has tested positive for amphetamine/methamphetamines and marijuana on various occasions between December 2023 and August 2024. *See* Pretrial Reports (Jan. 31, 2024; Apr. 30, 2024; June 13, 2024; July 18, 2024; July 29, 2024; Sept. 12, 2024) (ECF Nos. 19, 21, 24, 26, 31, and 35). According to American Addiction Centers, urine tests can detect methamphetamine for up to 72 hours after the last dose, while marijuana can be detected up to 30 days, depending on the frequency of use.[3] Mr. Stutts has been detained since November 13, 2024 – 47 days – and would not have access to any illicit substances while detained, and thus should be able to produce negative drug tests as to both amphetamine/methamphetamine and marijuana. As a condition of his pretrial release, Mr. Stutts proposes that a urine drug test be administered prior to his release from detention – which should return negative results due to his detention – to serve as a benchmark for any potential drug use during subsequent release on home confinement.

---

[3] *How Long Does Meth Stay in Your System?* available at https://americanaddictioncenters.org/stimulants/meth/how-long-in-system (last accessed Dec. 31, 2024); *How Does Your Body Process THC?* available at https://americanaddictioncenters.org/marijuana-rehab/how-long-system-body (last accessed Dec. 31, 2024).

A combination of the home confinement with a third-party custodian and a benchmark urine test for drugs prior to Mr. Stutts' release would ensure that Mr. Stutts will abide by the conditions of his pretrial release and also serve as an appropriate, lesser-restrictive alternative to his current detention.

## CONCLUSION

For the foregoing reasons, the Court should grant the foregoing motion and release Mr. Stutts from detention pending trial to home confinement with a third-party custodian.

Dated: December 31, 2024            Respectfully submitted,

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (DC Bar No. 997320)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

*Counsel for Defendant Lee Stutts*

## CERTIFICATE OF SERVICE

On December 31, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which automatically sends electronic notification of such filing to all registered parties.

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.