UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:24-cr-00019-TSC |
| LEE STUTTS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT LEE STUTTS' MOTION *IN LIMINE* TO EXCLUDE THE GOVERNMENT'S PROPOSED TRIAL EXHIBITS**

Defendant Lee Stutts, by and through the undersigned counsel, respectfully submits the following objections to the government's proposed trial exhibits. The government has provided defense counsel with the evidence they will seek to use at trial, including their exhibit and witness lists.

I. **BACKGROUND**

Mr. Stutts was indicted on January 10, 2024. Ind. (Jan. 1, 2024) (ECF No. 16). That indictment was superseded on May 1, 2024 and again on November 6, 2024. *See* Superseding Ind. (May 1, 2024) (ECF No. 22); Second Superseding Ind. (Nov. 6, 2024) (ECF No. 44). In the Second Superseding Indictment, the government dropped its 18 U.S.C. §§ 1512(c)(2), 2, charge with which it initially charged Mr. Stutts in its initial Indictment in January 2024 and its Superseding Indictment in May 2024. *See* Ind. (Jan. 1, 2024) (ECF No. 16); Superseding Ind. (May 1, 2024) (ECF No. 22).

The Second Superseding Indictment alleges violations of the following: under 18 U.S.C. § 231(a)(3), with obstruction, impediment, and interference with law enforcement during a civil disorder (Count One); under 18 U.S.C. § 111(a)(1), assaulting, resisting, or impeding certain officers (Counts Two through Eight); assaults with a deadly and dangerous weapon, 18 U.S.C. §§

1

111(a)(1) and (b) (Counts Nine and Ten); under 18 U.S.C. § 1752(a)(1) and (b)(1)(A), entering and remaining in a restricted building or grounds with a deadly or dangerous weapon (Count Eleven); under 18 U.S.C. § 1752(a)(2) and (b)(1)(A), disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon (Count Twelve); under 18 U.S.C. § 1752(a)(4) and (b)(1)(A), engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon (Count Thirteen); 40 U.S.C. § 5104(e)(2)(D), disorderly conduct in a Capitol building (Count Fourteen); and finally, under 40 U.S.C. § 5104(e)(2)(F), act of physical violence in the Capitol grounds or buildings (Count Fifteen).

## II.  LEGAL STANDARD

Rule 401 mandates that evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence, and, the fact is of consequence in determining the action." Fed. Rule. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Rule 403 of the Federal Rules of Evidence permits a court to, "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" results when some potentially relevant evidence is designed to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The court must "weigh the probative value of evidence in light of appropriate evidentiary alternatives." *Id.* at 182-85; *See also Henderson v. George Washington University*, 449 F.3d 127, 137 (D.C. Cir. 2006) ("The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact of other, non-prejudicial evidence"). The court has "broad discretion in rendering evidentiary rulings, . . . which extends . . . to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance

of trial." *United States v. Carpenter*, No. 21-305 (JEB), 2023 U.S. Dist. LEXIS 21774, at *2 (D.D.C. Feb. 9, 2023) (citing *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 79 (D.D.C. 2013).

A. <u>Mr. Stutts Objects to the Compilation Videos, the Government's Proposed Overview Exhibits, CCTV Footage (100 Series), and Radio Runs (200 Series) Noticed by the Government</u>

Mr. Stutts moves the Court to preclude the government from introducing largely irrelevant and prejudicial compilation videos regarding the events of January 6, 2021. These videos are replete with hearsay and their admission would violate the defendants' Sixth Amendment right to confront witnesses against them. The government's preliminary exhibit list noticed a number of lengthy videos, including documentary style videos that include homemade videos and montages compiled by the government. Large segments of these videos have no relevance to the specific events at issue in this trial, and those portions should be excluded on relevance grounds alone. In addition, the videos contain narration and third-party interviews, the admission of which would violate the Federal Rules of Evidence and deny Mr. Stutts his constitutionally guaranteed right to confront witnesses against them. *See* Fed. R. Evid. 802; U.S. Const. amed. VI. Further, even if the compilation videos hold some evidentiary weight, any probative value of admitting them in full would be substantially outweighed by unfair prejudice, confusion of the issues, undue delay, and needless presentation of cumulative evidence. Fed. R. Evid. 403.

The government has noticed several overview exhibits. Exhibits 028 and 029 portray montages of the U.S. Capitol, including a compilation of CCTV footage in and around the U.S. Capitol Building, Google Earth images of the U.S. Capitol Grounds, which have been overlaid with what appear to be radio communications between officers on January 6 in Exhibit 028. The 100 Series Exhibits contain various CCTV footage from various angles of the Capitol. Exhibit 031 is another compilation video purporting to show footage from a joint session of Congress from counting the Electoral College votes on January 6, 2021. This exhibit allegedly depicts lawmakers

frantically evacuating the Senate floor when protesters – which do not include Mr. Stutts – bang on the door causing the evacuation.

Courts have found this type of "background" information inadmissible when it is not relevant for any other purpose. In *United States v. Evans*, 216 F.3d 80, 87 (D.C. Cir. 2000), the government tried to offer "background" testimony to give a complete picture of the events. However, the court explained that "no matter how important it is for the government to present a complete, morally compelling narrative, it must present that narrative through admissible evidence…." *Id.* at 86.

In the instant matter, the government has noticed Exhibits 028 and 029 and the 100 Series, which depict, among other things, protestors breaking windows to enter the Capitol, protestors pushing open Capitol doors, struggles with officers at various locations around the Capitol, and altercations between protestors and police in a tunnel.  In other words, it highlights the activities of individuals who are not Mr. Stutts engaging in actions that Mr. Stutts allegedly and personally did not participate in.  The government's primary allegations center on alleged conduct of Mr. Stutts on the Western Grounds of the U.S. Capitol Building by the southwest steps and West Plaza areas of the Capitol.  These compilations do not make it more or less probable that Mr. Stutts engaged in the alleged conduct because they largely depict other areas in and around the Capitol. Fed. R. Evid. 401 and 402.  And importantly, any possible probative value to be discerned by these exhibits would be outweighed by unfair prejudice, confusion of the issues, undue delay, and would present needless cumulative evidence.  Fed. R. Evid. 403.  Given the graphic nature of these videos, which depict acts of violence that are irrelevant to this case because they do not include Mr. Stutts, the Court should exclude the Capitol Police compilation video.  Notably, there are countless videos depicting the exact actions of each defendant on January 6, and many of those are separately

identified as government exhibits. *See Old Chief v. United States*, 519 U.S. 172, 182-183 (1997) (prejudicial evidence should be excluded that has "substantially the same or greater probative value but a lower danger of unfair prejudice" exists). As such, the government may provide evidence of any video depicting Mr. Stutts as long as it is relevant to the charges. It has no need—and can identify no basis in the Federal Rules of Evidence—to show footage of others' conduct on that day, which is both irrelevant and prejudicial.

For the same reasons, the Court should preclude the government from presenting Exhibit 031, which purports to depict footage of the House and Senate during the joint session that took place on January 6, 2021. The frightened reactions of lawmakers and their hasty reactions, taken with the fact Mr. Stutts's charged conduct does not include footage depicted in this video, is unduly prejudicial and confuses the relevant issues. Fed. R. Evid. 401, 402, and 403. More importantly, the government has not indicted Mr. Stutts with any conduct allegedly occurring within the Capitol Building. As earlier stated, the government is at liberty to introduce related to what is depicted in this exhibit, to the extent it is relevant to its charges against Mr. Stutts.

The government has noticed the 200 Series exhibits which purport to contain time-stamped recordings with transcripts of "radio runs" of U.S. Capitol Police Officers on January 6, 2021. These transcripts do not contain any specific identifying information as to the officers allegedly speaking on these calls, nor do they contain any information appearing to be specific as to Mr. Stutts. These exhibits should similarly be excluded as they are unduly prejudicial, confuse the relevant issues, violate Mr. Stutts' Sixth Amendment right to confront witnesses, and are inadmissible hearsay. Fed. R. Evid. 401, 402, 403, and 802; U.S. Const. amed. VI.

## **CONCLUSION**

For the foregoing reasons, the Court should preclude the government from presenting these exhibits at trial.

[SIGNATURE NEXT PAGE]

Dated: January 3, 2025                              Respectfully submitted,

                                               *s/ Stanley E. Woodward, Jr.*
                                               Stanley E. Woodward, Jr. (DC Bar No. 997320)
                                               Brand Woodward Law, LP
                                               400 Fifth Street NW, Suite 350
                                               Washington, DC 20001
                                               202.996.7447 (telephone)
                                               202.996.0113 (facsimile)
                                               stanley@brandwoodwardlaw.com

                                               *Counsel for Defendant Lee Stutts*

**CERTIFICATE OF SERVICE**

On January 3, 2025, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which automatically sends electronic notification of such filing to all registered parties.

                                               *s/ Stanley E. Woodward, Jr.*